IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EMFI, a French Corporation, and<br>POLYMERS ADVANCED TECHNOLOGY,<br>L.L.C., a Delaware Limited Liability Company,<br><br>        Plaintiffs,<br><br>    v.<br><br>PREMIER INDUSTRIAL SUPPLY, INC.,<br>an Arizona Corporation,<br><br>        Defendant. | FILED: JULY 31, 2008<br>08CV4361<br>JUDGE CONLON<br>MAGISTRATE JUDGE COX<br>No. YM |

## COMPLAINT

Plaintiffs, EMFI and POLYMERS ADVANCED TECHNOLOGY, L.L.C. ("PAT"), by and through their undersigned attorneys and for their Complaint against PREMIER INDUSTRIAL SUPPLY, INC. ("Premier" or "Defendant"), state as follows:

### NATURE OF THE CASE

1. EMFI and PAT entered into a contract (the "Contract") with Premier in late 2006 for the sale of construction polyurethane sealant that EMFI manufactured in France, shipped to PAT's warehouse in the United States, and stored for sale to Premier. Premier thereafter placed orders for the sealant, which PAT filled by dispensing the sealant into cartridges and boxes bearing Premier's logo and shipping to it Premier.

2. The Contract required Plaintiffs to keep a sufficient amount of construction polyurethane sealant on-hand at PAT's warehouse in Dallas, Texas (the "Texas warehouse") to meet Premier's stated delivery needs.

3. Premier has refused to pay the $7,000 outstanding balance it owes to Plaintiffs for the sealant that Premier purchased under the Contract. Premier has also failed to place orders for

sealant worth at least $85,000 that Plaintiffs manufactured, shipped and hold in storage for Premier under the Contract.

4. Plaintiffs bring this action for breach of the Contract against Premier for its failure to pay $7,000 that it owes to Plaintiffs, and for its failure to purchase the construction polyurethane sealant that Plaintiffs manufactured, imported from France and is holding in storage in the Texas warehouse for Premier. Plaintiffs request that this Court enter judgment in their behalf for specific performance, or in the alternative for damages, or for such other alternate relief that the Court deems appropriate.

## THE PARTIES

5. EMFI is a corporation organized under the laws of France and engaged in the business of the manufacture and sale of adhesives and sealants.

6. Polymers Advanced Technology, LLC ("PAT"), a subsidiary of EMFI, is a limited liability company organized under the laws of the State of Delaware, with a principal place of business at 765 North Route 83, Suite 117, Bensenville, Illinois. PMI is the United States distributor of adhesive and sealant products that EMFI and its subsidiaries manufacture in France.

7. Premier Industrial Supply, Inc. ("Premier") is a corporation organized under the laws of the State of Arizona, with a principal place of business at 23040 N. 11th Avenue, #112, Phoenix, Maricopa County, Arizona. Premier is engaged in the business of selling sealants, adhesives, flashing and other construction and building products for residential construction and other industries.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court under 28 USC § 1332 because the matter in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

9. This Court also has federal question jurisdiction of this action pursuant to 28 U.S.C. § 1331, because Plaintiffs' claims arise under The United Nations Convention On Contracts For The International Sale Of Goods ("CISG"), a convention o the United States.

10. Venue is proper in this Court under 28 USC § 1391(a)(2) because a substantial number of the events or omissions giving rise to the claims occurred within this judicial district.

## GOVERNING LAW

11. CISG is a self-executing agreement between the United States and other signatories and it is applied in United States Federal Courts. CISG preempts inconsistent provisions of state law. Pursuant to CISG Article 10, CISG governs contracts in which the contracting parties have their places of business or habitual residences in different contracting states. Parties are able to opt-out of CISG's application; however, any opt-out must be explicit.

12. EMFI is a French corporation and Premier is a United States corporation. Contracts for sale of goods between the two are governed by the United Nations Convention on Contracts for the International Sale of Goods ("CISG"). (15 U.S.C. App. (Supp. 1987).)

13. Both France and the United States of America have adopted CISG.

14. The parties to this litigation have explicitly opted out of CISG's application with respect to the Contract.

15. CISG provides, among other things, that in the event a buyer breaches a contract for the sale of goods, the seller may obtain specific performance and/or damages:

"The seller may require the buyer to pay the price, take delivery or perform his other obligations, unless the seller has resorted to a remedy which is inconsistent with this requirement." (CISG Article 62.)

## COUNT I
### (BREACH OF CONTRACT: SPECIFIC PERFORMANCE)

16. Plaintiffs incorporate and reallege the allegations contained in Paragraphs 1 through 15 as if fully stated herein.

17. Plaintiffs seek Premier's specific performance under the Contract to purchase and take delivery of the approximately $85,000 worth of sealant in storage in its behalf at the Texas warehouse, and to pay Plaintiffs $7,000 that it owes under the Contract.

WHEREFORE, Plaintiffs, EMFI and POLYMERS ADVANCED TECHNOLOGY, LLC, respectfully request that this Court enter judgment in their favor and against Defendant, PREMIER INDUSTRIAL SUPPLY, INC., and enter an order directing Premier to specifically perform its obligation under the Contract to order, pay for and take delivery of any and all sealant that Plaintiffs manufactured, shipped to the Texas warehouse and stored to supply Premier, as well as any containers bearing Premier's logo; to pay Plaintiffs the amount of $7,000 that is due; to pay any and all interest, costs and attorneys fees; and for any and all other relief that this Court finds just and appropriate.

## COUNT II
### (BREACH OF CONTRACT: DAMAGES)

18. Plaintiff's present this Count II by way of alternate pleading.

19. Plaintiffs incorporate and reallege the allegations contained in Paragraphs 1 through 17 as if fully stated herein.

20. Premier has breached the Contract by failing to pay Plaintiffs an amount of at least $85,000 for the sealant manufactured in storage at the Texas warehouse on Premier's behalf; and by failing to pay the Plaintiffs $7,000 that it owes under the Contract.

WHEREFORE, Plaintiffs, EMFI and POLYMERS ADVANCED TECHNOLOGY, LLC, respectfully request that this Court enter judgment in their favor and against Defendant, PREMIER INDUSTRIAL SUPPLY, INC., and award them an amount of at least $85,000 for the sealant now in storage at the Texas warehouse for sale to Premier; an amount of at least $7,000 that is due; any and all interest, costs and attorneys fees; and any and all other relief that this Court finds just and appropriate.

## COUNT III
### (ESTOPPEL)

21. Plaintiffs present this Count III by way of alternate pleading.

22. Plaintiffs incorporate and reallege the allegations contained in Paragraphs 1 through 20 as if fully stated herein.

23. Defendant requested that Plaintiffs store sealant in Texas, and promised to purchase the sealant.

24. Plaintiffs relied on that request and promise to their detriment.

25. As a direct and proximate result of that detrimental reliance, Premier should be estopped from failing and refusing to comply with its obligation to pay Premier under the Contract, or from otherwise attempting to materially alter the terms and conditions of its performance.

WHEREFORE, Plaintiffs, EMFI and POLYMERS ADVANCED TECHNOLOGY, LLC, respectfully request that this Court enter judgment in their favor and against Defendant, PREMIER INDUSTRIAL SUPPLY, INC., and award them an amount of at least $85,000 for the sealant now in storage at the Texas warehouse on Premier's behalf; an amount of at least $7,000 that is due; any and all interest, costs and attorneys fees; and for any and all other relief that this Court finds just and appropriate.

## COUNT IV
## (ACCOUNT STATED)

26. Plaintiffs present this Count IV by way of alternate pleading.

27. Plaintiffs incorporate and reallege the allegations contained in Paragraphs 1 through 25 as if fully stated herein.

28. With respect to the aforementioned goods manufactured, shipped and remaining in storage on behalf of Premier, Plaintiffs are owed the sum of at least ninety-two thousand dollars ($92,000) over and above all claims and setoffs.

29. Plaintiffs have demanded that Premier pay the aforementioned amount for the subject goods. However, Premier has failed and/or refused to comply with Plaintiffs demands.

26. The sum due to Plaintiffs from Premier has become an account stated.

WHEREFORE, Plaintiffs, EMFI and POLYMERS ADVANCED TECHNOLOGY, LLC, respectfully request that this Court enter judgment in their favor and against Defendant, PREMIER INDUSTRIAL SUPPLY, INC., and award them an amount of at least $92,000; any and all interest, costs and attorneys fees; and for any and all other relief that this Court finds just and appropriate.

                                      Respectfully submitted,

                                      EMFI and POLYMERS ADVANCED TECHNOLOGY, LLC

                                      By:   /s/ Paul A. Duffy
                                             *One of the Attorneys for Plaintiffs*

Jeffrey J. Mayer, Esq. (6194013)
Paul A. Duffy, Esq. (6210496)
FREEBORN & PETERS LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 360-6000
*Counsel for Plaintiffs*
DATED: July 31, 2008
#1590877v4